NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO DURAN SALGADO,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

Nos.  12-73883
          13-72315

Agency No. A073-868-373

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Eduardo Duran Salgado, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(petition No. 12-73883), and of the BIA's order denying his motion to reconsider and motion to reopen removal proceedings (petition No. 13-72315). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review for abuse of discretion the BIA's denial of motions to reconsider and reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). In petition No. 12-73883, we deny Salgado's petition as to his asylum and withholding of removal claims, and grant and remand his petition as to his CAT claim. In petition No. 13-72315, we dismiss.

In petition No. 12-73883, as to asylum, Salgado does not challenge the agency's dispositive finding that his asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Salgado's asylum claim.

As to Salgado's fear of general conditions in Mexico, substantial evidence supports the agency's finding that he failed to establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). As to Salgado's fear of harm based on a particular social group, substantial evidence supports the agency's finding that, even if Salgado established past persecution, the

government rebutted Salgado's presumed well-founded fear of future persecution with evidence that he could safely and reasonably relocate within Mexico to avoid harm. *See* 8 C.F.R. §§ 1208.16(b)(1)(i)(B), (b)(3); *Gonzalez-Hernandez v. Ashcroft,* 336 F.3d 995, 998-99 (9th Cir. 2003) (substantial evidence supported finding that presumption of future persecution was rebutted). Thus, Salgado's withholding of removal claim fails.

As to Salgado's CAT claim, the agency found that Salgado failed to establish the necessary state action. When the BIA and IJ issued their decisions, they did not have the benefit of this court's decisions in *Barajas-Romero v. Lynch*, 846 F.3d 351, 362 (9th Cir. 2017) ("The statute and regulations do not establish a 'rogue official' exception to CAT relief."), and *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079-80 (9th Cir. 2015) (BIA erred by requiring petitioner to also show the "acquiescence" of the government when the harm was inflicted by public officials themselves). Thus, we grant the petition for review as to Salgado's CAT claim, and remand to the agency for consideration of his CAT claim consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of our above conclusion, we dismiss as moot Salgado's challenge to the BIA's denial of his motion to reconsider and motion to reopen (No. 13-72315).

Each party shall bear its own costs for these petitions for review.

NO. 12-73883: **PETITION FOR REVIEW DENIED in part;**

**GRANTED in part; REMANDED.**

NO. 13-72315: **PETITION FOR REVIEW DISMISSED.**